Miguel Gratacós Bosch, Petitioner, *v.* District Court of Guayama, Respondent.

No. 929. Argued December 18, 1933.—Decided February 8, 1934.

M. *Guzmán Texidor* for petitioner. R. *Martínez Nadal* and F. *Navarro Ortiz* for plaintiff in the main action.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Pedro Ferrer León, a mortgage creditor of Miguel Gratacós Bosch and his wife, brought a summary action for the foreclosure of his mortgage credit, and on December 30, 1930, he acquired the mortgaged property at a public sale. The petitioner in the foreclosure proceeding, Mr. Ferrer León, allowed the statutory period of thirty days following the date of the sale in which to obtain possession of the mortgaged property to elapse without judicially claiming said possession, and in September 1933, or two years and nine months after having thus acquired said property, he petitioned the District Court of Guayama for an order directing the delivery of the property that had been awarded to him.

When the defendant in the foreclosure proceeding, Miguel Gratacós Bosch, was informed of this order, he requested a hearing in order to oppose the petition of the mortgagee, and alleged that Ferrer took possession of the farm and rented it first to Gregorio Aponte and then to Juan José Cebollero, who sublet a part thereof to the defendant. The lower court dismissed the defendant's motion on the ground that the same involved questions and rights of possession that could not be considered or decided in a summary foreclosure proceeding, and a consideration thereof would suspend, stay or interrupt said proceeding, in which only the questions expressly authorized by law, section 175 of the Mortgage Law Regulations, might be discussed.

Section 2 of the Act relating to judgments and the manner of satisfying them says:

"When any order foreclosing a lien upon immovable property is made in a suit having for its object the foreclosure of such lien; in any court having jurisdiction, such order shall have all the force and effect of a writ of possession, as between the parties to such suit of foreclosure and any person claiming under the defendant to such suit by any right acquired pending such suit, and the court shall so direct in the judgment providing for the issuance of such order, and the marshal or other officer executing such order of sale, shall proceed by virtue of said order to place the purchaser of the property sold under the same in possession thereof within thirty days after the day of sale."

In construing the foregoing section this court, in the case of *Viejo & Rodríguez* v. *Caloca*, 35 P.R.R. 429, held that a purchaser at a foreclosure sale who has allowed the thirty days fixed by law to elapse without demanding that the marshal put him in possession of the property acquired by him, may request the court to issue an order for the delivery of possession, and the court has power to enforce said order even after the expiration of that period.

As the lower court denied the motion of the petitioner on the ground that a discussion thereof would have meant an

interruption of the foreclosure proceeding, it is necessary to determine when the summary stage of said proceeding ended.

At the present time no one doubts the validity of the special proceeding for the recovery of credits secured by a mortgage. If any doubt arises it is in respect to its extension and duration. Brevity and simplicity are the characteristic qualities of the foreclosure action that is simplified and made easier by limiting the defenses of the defendant and by securing summarily the effectiveness of the mortgage credit. The rapidity and security of the proceeding inspire confidence, strengthen the landed credit and stimulate the transactions that depend upon the security offered by real property. The summary character of the mortgage foreclosure proceeding constitutes a privilege that is granted to the party who lends the money for the purpose of making the recovery of the same effective. In the exercise of this privilege the creditor should adjust himself strictly to the provisions of the law, without exceeding the limits therein prescribed. Even in ordinary actions a period of five years is fixed for the execution of a judgment. After this period has elapsed, the execution of said judgment may be denied or ordered according to the discretionary powers of the court. In the foreclosure proceeding thirty days are granted to the purchaser to obtain possession without the court's intervention. It seems reasonable to assume that the lawmaker, taking into account the special and summary character of said proceeding and the restrictions imposed upon the debtor, desired to fix a period for the summary character of the said proceeding, which ends with the delivery of possession within thirty days, without prejudice to the discretionary power of the court to order the delivery of possession after the expiration of the thirty days.

In a case like the one at bar, in which it is stated that the mortgagee took possession of the farm immediately upon purchasing it, and in which the petitioner, Gratacós, alleges

that the juridical relationship theretofore existing between them has changed, and that he is now in possession today, not as the former owner and mortgagor, but as a sublessee of said farm, it seems natural that the party who makes these allegations should be heard in order to verify whether or not they conform to the actual state of facts. Ferrer León can not validly maintain that the granting of a hearing to Gratacós would cause any objectionable interruption in a proceeding, which has lost its summary character through the lapse of time, since nearly three years have passed since the property was acquired by adjudication. After so much time has elapsed it would be absurd to maintain that such a proceeding has preserved its summary character. The facts show the contrary.

The order issued by the District Court of Guayama on October 7, 1933, must be vacated and the case remanded to said court for further proceedings not inconsistent with this opinion.